# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| TIMMY BRENT OLSEN,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CV656 DAK |

    This matter is before the court on Petitioner Timmy Brent Olsen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, which was filed on July 27, 2009. The Government responded on December 1, 2009. The court appointed counsel on January 4, 2010, but counsel later filed a motion to withdraw because of a potential conflict of interest. New counsel was appointed on July 29, 2010. After new counsel was appointed, the court granted a motion for extension of time to file a reply memorandum. The reply memorandum was to be filed by November 5, 2010. On January 3, 2011, another motion for extension of time was filed. The court granted the motion, permitting another sixty days to file a reply memorandum. As of June 15, 2011, no reply memorandum has been filed, and the last deadline passed over three months ago. Thus, the court will now rule on the petition.

    For all the reasons set forth by the United States, the court denies the petition. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on

which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.[1]

In this case, Judgment was entered on December 7, 2006. Petitioner filed a timely notice of appeal. The Tenth Circuit Court of Appeals affirmed his conviction and sentence on March 11, 2008. The Petitioner filed a motion for rehearing en banc on April 9, 2008, which was summarily denied on April 25, 2008. To meet the deadline under subsection (1), Petitioner had to file his 2255 motion within ninety days of the denial of rehearing–which would have been by July 25, 2009. Petitioner, however, filed his motion on July 27, 2009.

Petitioner does not offer any facts suggesting that circumstances prevented him from filing a timely petition, nor does he show that he exercised due diligence in pursuing his claims, and thus, he is not entitled to equitable tolling.

In addition, even if Petitioner had timely filed his petition, it would be dismissed in any event. Petitioner failed to raise his claims on direct appeal and is procedurally barred from raising them on collateral review. Even assuming he is not barred from raising these claims,

---

[1] Subsections (2) and (3) are not applicable to Petitioner's appeal. Petitioner's motion is untimely under subsection (4) as the facts supporting his claims were discoverable by July 25, 2009 and had not been changed since April 25, 2008.

2

petitioner merely revisits the arguments raised during his sentencing hearing without claiming that the sentence was illegally imposed.

Finally, Petitioner's claim of ineffective assistance of counsel is without merit. Petitioner must "establish that both his attorney's representation was deficient and that he was prejudiced by that deficiency." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10 Cir. 2002). Counsel's performance is deficient if the representation "falls bellow an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner has failed to demonstrate "cause and prejudice" under the *Stickland* standard as required by § 2255.

## RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[2]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the above reasons, Petitioner Timmy Brent Olsen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence is DENIED, and the Court declines to issue a Certificate

---

[2] See Rules Governing Section 2255 Proceedings for the United States District Courts.

of Appealability. The Clerk of the Court is directed to close this case.

DATED this 15th day of June, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge